UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                   Case No. 21-cr-0241-bhl-2

JOSE ALBERTO SILVA-JIMENEZ,

          Defendant.

---

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821, 18 U.S.C. § 3582(c)(2)**

---

      Defendant Jose Alberto Silva-Jimenez was charged in five counts of a twelve-count indictment alleging conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin (Count One) and four counts of distribution of a controlled substance within 1,000 feet of a school (Counts Three to Six). (ECF No. 1 at 1–3, 5–7.) Silva-Jimenez entered a guilty plea to Count One, which carried a mandatory minimum sentence of 10 years' imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B). (ECF No. 109; ECF No. 260 at 2.) Based on the presentence report, the Court found Silva-Jimenez Safety Valve eligible, however, and, as a result, he was not subject to the mandatory minimum. (ECF No. 166 at 14.) Given the amount of drugs attributable to him, the PSR calculated Silva-Jimenez's base offense level under the Sentencing Guidelines as 32, pursuant to U.S.S.G. §2D1.1(c)(4). (*Id.* at 8.) His offense level was then further reduced by two points under U.S.S.G. §2D1.1(b)(17) and by another three points pursuant to U.S.S.G. §§3E1.1(a) and (b). (*Id.*) Because Silva-Jimenez had zero criminal history points, his criminal history put him in category I. (*Id.* at 9.) As a result of these calculations, Silva-Jimenez's advisory guideline range was 70 to 87 months. (*Id.* at 14.)

      On April 13, 2023, the Court sentenced Silva-Jimenez to a below-guidelines period of 60 months' imprisonment to be followed by three years' supervised release. (ECF No. 177.) Consistent with his plea agreement, the remaining counts against him in the Indictment were dismissed. (*Id.* at 1.) Silva-Jimenez is currently serving this sentence at Duluth FPC, with a

projected release date of March 28, 2026.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 8, 2024).

On March 7, 2024, Silva-Jimenez filed a *pro se* motion for sentence reduction, pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2).  (ECF No. 258.)  On March 13, 2024, the Court ordered the government and probation to respond, ECF. No. 259, and on March 20, 2024, both filed responses to Silva-Jimenez's motion.  (ECF Nos. 260 & 261.)  On April 8, 2024, Silva-Jimenez filed a reply.  (ECF No. 266.)

## DISCUSSION

On April 27, 2023, the United States Sentencing Commission proposed an amendment to the Sentencing Guidelines known as Amendment 821 or the 2023 Criminal History Amendment.  Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and his or her offense of conviction did not involve any of nine specified aggravating factors.  *See* U.S.S.G. §4C1.1(a).  On August 24, 2023, the Commission voted to give retroactive effect to Amendment 821 and also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later.

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to its authority to "review and revise" the guidelines under 28 U.S.C. § 994(o).  18 U.S.C. § 3582(c)(2).  The statute further provides that the court may reduce a defendant's previously imposed term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Court should not reduce a defendant's term of imprisonment, however, if an amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. §1B1.10(a)(2)(B).

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment and held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* at 821.  The Supreme Court directed district courts to follow a two-step approach in addressing requests to reduce a sentence based on a retroactive amendment to the guidelines.  At step one, the district

court must determine both whether the defendant is eligible for a sentence reduction and the extent of the reduction authorized. *Id.* at 827. Second, the Court must apply the sentencing factors set forth in Section 3553(a) and determine whether to exercise its discretion to reduce the previously imposed sentence. *Id.* The district court may not reduce a sentence beyond that authorized by the Sentencing Guidelines. *Id.*

The parties agree that Silva-Jimenez is eligible for a sentence modification. As noted above, the Zero-Point Offender Amendment permits a two-level decrease in a defendant's offense level if the defendant has no criminal history points and the offense of conviction did not involve any of the enumerated aggravating factors. U.S.S.G. §4C1.1(a). Silva-Jimenez undisputedly qualifies for this reduction. (ECF Nos. 260 at 4 & 261 at 1–2.) After application of this amendment, Silva Jimenez's offense level is reduced by 2 levels to 25, and his advisory guideline range is reduced to 57 to 71 months. (ECF No. 260 at 4; ECF No. 261 at 2.) Thus, he is eligible for a sentence reduction.

Silva-Jimenez argues for his sentence to be reduced below this range, to 48 months. He also argues that he qualifies for home confinement. (ECF No. at 258 at 5.) This request contravenes Sentencing Guidelines Section 1B1.10(b)(2)(A), which limits the amount of any sentence reduction to the bottom of the guideline range applicable after the amendment. Except in cases of substantial assistance, the court cannot reduce Silva-Jimenez's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment. *See* U.S.S.G. §1B1.10(b)(2)(A),

After accounting for the retroactive amendments to the guidelines, Silva-Jimenez's amended guidelines range is 57 to 71 months. *See id.* at Ch. 5 Pt. A. Moreover, he remains in Zone D and is therefore ineligible for home confinement. The Bureau of Prisons estimates his Home Detention eligibility date as December 7, 2025. (ECF No. 260 at 7–8, n.2.) Silva-Jimenez's requested reduction therefore exceeds this Court's authority under the Sentencing Guidelines. And, under *Dillon*, this Court lacks the authority to grant such a reduction. 560 U.S. at 827.

In his reply brief, Silva-Jimenez argues that pursuant to U.S.S.G. §1B1.10(b)(1), the Court "must honor the relative position of the original sentence." (ECF No. 266 at 2.) He contends because the Court provided a downward variance of 10 months or a 15% reduction at his original sentencing, he should likewise receive 10 months or a 15% reduction off the revised guideline

range of 57 to 71 months. (*Id.*) This argument does not address the plain terms of U.S.S.G. §1B1.10(b)(2)(A), stating that the Court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *See* U.S.S.G. §1B1.10(b)(2)(A). The Court cannot grant the reduction Silva-Jimenez requests. *See Dillon*, 560 U.S. at 827.

Based on the Section 3553(a) factors, the Court will reduce Silva-Jiminez's sentence. At sentencing, Silva-Jimenez faced a substantial mandatory minimum due to the kilogram quantities of cocaine and heroin involved in the conspiracy for which he was convicted. But he was found Safety-Valve eligible and thus not subject to the mandatory minimum. Silva-Jimenez accepted responsibility and apologized for his misconduct. (ECF No. 227 at 11.) He also promised to "dedicate his life to serving society." (*Id.*) The government reports that Silva-Jimenez has behaved well in prison and has not incurred any disciplinary infractions. (ECF No. 260 at 7.) Silva-Jimenez's offense was serious; he was responsible for distributing kilogram quantities of controlled substances. Based on the totality of the circumstances, the Court will reduce Silva-Jimenez's sentence to the bottom of the amended guidelines range, to a term of 57 months. This reduction is the maximum allowed consistent with the guidelines. It is also consistent with the government's recommendation. (ECF No. 260 at 1, 6–8.) And, most importantly, it satisfies the Court's duty in applying the Section 3553(a) factors.

Accordingly,

**IT IS ORDERED** that Defendant Silva-Jimenez's motion to reduce sentence pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2), ECF No. 258, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Silva-Jimenez's sentence is amended from sixty (60) months to fifty-seven (57) months' imprisonment. All other aspects of the criminal judgment, ECF No. 177, remain in effect. The Court will issue a separate Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

Dated at Milwaukee, Wisconsin on May 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge